# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| JEROME H. LACHEEN and | : | Bankruptcy No. 04-12711DWS |
| ANN LACHEEN, | : | |
| | : | |
|     Debtors. | : | |

| | | |
|---|---|---|
| JEROME LACHEEN and | : | Adversary No. 04-0550 |
| ANN LACHEEN, | : | |
| | : | |
|     Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| INTERNAL REVENUE SERVICE, United | : | |
| States of America, Department of the Treasury, | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| DEPARTMENT OF REVENUE, | : | |
| | : | |
|     Defendants. | : | |

## MEMORANDUM OPINION

**BY:  DIANE WEISS SIGMUND, Chief Bankruptcy Judge**

      Before the Court is the Motion of the debtors' Jerome and Ann Lacheen ("Debtors") for Summary Judgment (the "Motion") in connection with their Complaint against, <u>inter alia</u>, the Internal Revenue Service ("IRS") in which they seek a determination as to the dischargeability of certain taxes.  For the reasons that follow, the Motion shall be denied.

**BACKGROUND**

The Complaint seeks a determination of dischargeability for the tax years 1994, 1995, 1996, 1998, 1999 and 2000. The Debtors aver that the returns for these tax years were filed more than two years and assessed more than 240 days prior to the filing of the bankruptcy case. Complaint ¶¶ 8-32. As such, they contend they are dischargeable because they are not the kind and type of taxes that are non-dischargeable pursuant to § 523(a)(1)(B) and § 523(a)(1)(C). Id. ¶35. The IRS's Answer to the Complaint admits that the tax returns were filed more than two years prior to the filing and they were assessed. It also admits the averment that the taxes are not of the type specified in § 523(a)(1)(B) and (a)(1)(C). Answer ¶ 35.

The Motion, a seven paragraph document, essentially repeats the Complaint and is unsupported by any affidavit or other evidentiary material.[1] However, the Answer to the Motion is helpful to the Debtors in stating that there are no unpaid taxes for the years 1994, 1998 and 2000, and the IRS does not contest the dischargeability of taxes for the year 1999 since the plaintiffs made estimated tax payments or withholding. Thus, the only years that are the continuing subject of the Complaint are 1995 and 1996. With respect to 1995 and 1996, the IRS states the following in the Reply to the Motion:

> 2. The debtors' income tax liability for the year 1995 is in dispute but it is unclear whether the liabilities are dischargeable because of the exceptions to discharge provided by Section 523(a)(1)(C). Debtors tax liability of $79,004.00 was assessed on November 25, 1996. A federal tax lien was filed

---

[1] Debtors' counsel filed two unsigned letters addressed "to whom it may concern." There is no reference to them in their memorandum in support of the Motion and but for the electronic filing of these documents into the adversary case, I would not even know that they were related to the Motion (if indeed they are).

against all of taxpayers' property and rights to property on September 5, 1997. Debtors have never made a single payment with regard to this liability since its assessment. In 1996 debtor had net business income in excess of $130,000 and sold stocks for $6,960.00 on December 12, 1996. Debtor also held and sold other stocks during the years subsequent to 1995. Even though debtors had adjusted gross income of $264,694.00 in 1995 they made no estimated tax payments. Defendant submits that there are facts in dispute and that issues of law remaining [*sic*] concerning whether debtors' tax liability for 1995 is dischargeable. Even if the Court deems the liabilities dischargeable the lien interests of the United States will attach to all property owned by petitioners on the date of the filing of their petition.

      3. The plaintiffs filed their federal income tax return for 1996 on July 25, 1997. Plaintiffs made no estimated tax payments during the calendar year 1996. A tax of $34,758.00 was assessed on September 8, 1997. Plaintiffs have never paid any income tax for their taxable year 1996. A federal tax lien was filed on December 18, 1998. The debtors may be construed to have evaded payment of their tax liabilities by disposing of property subject to the federal tax liens without even a partial payment to the United States. The liabilities are not dischargeable because of the Section 523 (a)(1)(C) exception.

Reply at 1-2 (unnumbered).

## DISCUSSION

### A.

A motion for summary judgment is governed by Federal Rules of Civil Procedure ("Fed.R.Civ.P.") 56 applicable in this proceeding pursuant to Federal Rule of Bankruptcy 7056. Summary judgment, "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The party moving for summary judgment must overcome the initial burden of demonstrating the absence of a material question of fact. Celotex v. Catrett, 477 U.S. 317, 325 (1986). The substantive law will determine which facts are material. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. Id. at 255. A court must find that the motion alleges facts which, if proven at trial, would require a directed verdict. 6 J. Moore, Moore's Federal Practice, ¶ 56.26 (2d ed. 1988). If so, the respondent "must set forth specific facts showing there is a genuine issue for trial," and may not "rest upon the mere allegations or denials of the pleading." Fed.R.Civ.P. 56(e). If the non-movant's evidence "is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 250. However, as it is the moving party's burden to demonstrate the absence of genuine issues of material fact, even if the opposing party fails to file contravening affidavits or other evidence that establishes a genuine issue of material fact, summary judgment must still be warranted and will be denied where the movant's own papers demonstrate the existence of material factual issues. Drexel v. Union Prescription Centers, Inc., 582 F.2d 781, 790 (3d Cir. 1978) (*citing* Adickes v. S.H.Kress & Co., 398 U.S. 144, 159-61 (1990) (citations omitted). See Maldonado v. Ramirez, 757 F.2d 48, 51 (3d Cir. 1985). The absence of a genuine issue for trial is evident where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party. Mashusita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

**B.**

The burden of proof in a non-dischargeability action is borne by the creditor seeking to have its debt excepted from discharge. In this case, it appears that the IRS is relying on § 523(a)(1)(C)[2] which provides that:

> (a) A discharge under section 727... of this title does not discharge an individual debtor from any debt–
>
> (1) for a tax or a customs duty–
>
> (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax;

Thus, notwithstanding that the Debtors are the plaintiffs and moving party in this adversary case, the burden of proof resides with the IRS who must prove by a preponderance of the evidence that the Debtors made fraudulent returns or willfully attempted to evade their taxes.[3] United States v. Fegley (In re Fegley), 118 F.3d 979, 983 (3d Cir. 1997).

---

[2] The thrust of the Debtor's Complaint is directed to § 523(a)(1)(B) which provides that:

(a) A discharge under section 727... of this title does not discharge an individual debtor from any debt--
  (1) for a tax or a customs duty–

  (B) with respect to which a return, if required--

  (i) was not filed; or

  (ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition;

The IRS concedes Debtors' conclusory and unsupported averments that the tax debts are not subject to the § 523(a)(1)(B) exception. Rather it now relies on § 523(a)(1)(C) to contest the Motion.

[3] The IRS relies on the exception as it relates to willful evasion of taxes, not the filing of fraudulent returns.

As has been often stated, exceptions to discharge are to be strictly construed in favor of the debtor, id., and it is in that context that I review the record before me applying the law as articulated by the Third Circuit Court of Appeals in Fegley. Taking a plain language approach to § 523(a)(1)(C), the Circuit Court concluded that the provision included both a conduct requirement (i.e., that the debtor sought in any manner to evade or defeat his tax liability) and a mental state requirement (i.e. that the debtor did so willfully). Failure to file a tax return and failure to pay a tax when the taxpayer had the wherewithal to do so are sufficient to prove that the debtor attempted to evade or defeat a tax liability. Id. at 984. However, the court adopted the limitation enunciated by the Court of Appeals for the Eleventh Circuit in In re Haas, 48 F.3d 1153, 1158 (11th Cir.1995), that a debtor's failure to pay his taxes, alone, does not fall within the scope of section 523(a)(1)(C)'s exception to discharge in bankruptcy. It directed that "we should look to nonpayment of taxes as "relevant evidence which [we] should consider in the totality of conduct to determine whether or not the debtor willfully attempted to evade or defeat taxes." Id. (*quoting* Haas, 48 F.3d at 1158.)

With respect to the conduct requirement, it concluded that willfulness requires a showing that the debtor's attempts to avoid his tax liability were voluntary, conscious and intentional. In Fegley, the conduct requirement was satisfied with evidence that the debtor had a duty to file income tax returns, knew he had that duty and voluntarily and intentionally violated it. He also had the financial ability to discharge the duty. The foregoing was a sufficient basis to prove that Fegley willfully attempted to evade or defeat his taxes.

In the instant case, the IRS admits that the Debtors' tax returns were filed. Complaint ¶¶ 9, 10; Answer ¶¶ 9, 10. It is also undisputed that taxes for the years at issue are unpaid. However, as noted above, that alone is not sufficient under Fegley to meet the conduct requirement. A review of the Answer to the Motion suggests that the IRS believes that Debtors had the ability to pay those taxes and elected not to do so. It proffers certain facts about their financial condition which it has extracted from their tax returns which are attached to the Affidavit of Russell K. Stewart, Special Assistant United States Attorney. It notes that in 1996 the Debtors had, in excess of $130,000 of business income, sold stock for $6,960 on December 12, 1996 and had adjusted gross income of $274,694 in 1995 but made no payments to the IRS for the 1995 tax year. With respect to the 1996 tax year, it notes that the Debtors had $152,697.00 in adjusted gross income and made no payments, estimated or otherwise, to the IRS. The 1995 and 1996 Form 1040 and Schedules C and D to the 1996 return support these statement.

Debtors' record is silent as to why they did not make any tax payments notwithstanding their considerable income. Rather Debtors contend that the IRS has failed to meet its burden on summary judgment, noting that it did not even take the Debtors' deposition.[4] Notably the Debtors did not present their own affidavit or deposition testimony. Even reading the letters referred to above, I still cannot discern why the Debtors with income

---

[4] The Motion was brought in the early stages of this litigation, indeed before a pretrial order had been entered. While the IRS could have taken advantage of Federal Rule 56(f) which expressly would have allowed them to request more time to gather facts to make a better record, it presumably thought its record would be sufficient without so doing. This as the plaintiff in Dowling v. City of Philadelphia, 855 F.2d 136, 140-41 n.3 (3d Cir. 1988) learned, can be a risky strategy. The IRS was saved by the fact that not only did it not make much of a record, neither did the Debtors.

as reflected in the record made no tax payments. The answer has a direct bearing on whether the Debtors' conduct and mental state warrant that the tax indebtedness not be discharged. As noted above, it is the moving party's burden to demonstrate the absence of genuine issues of material fact, even if the opposing party fails to file contravening affidavits or other evidence that establishes a genuine issue of material fact. <u>Drexel v. Union Prescription Centers, Inc.</u>, 582 F.2d 781 at 790. In this case, the IRS has presented facts in support of its position that Debtors had income to pay the taxes due and deliberately elected not to do so. Presumably Debtors would dispute that conclusion with other facts, not presently of record. In any event, that dispute must be reserved for trial as summary judgment is not warranted on this record.

      An Order consistent with the foregoing Memorandum Opinion shall be entered.

                                            DIANE WEISS SIGMUND
                                            Chief U.S. Bankruptcy Judge

Dated:   April 28, 2005

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re : | Chapter 7 |
| JEROME H. LACHEEN and : | Bankruptcy No. 04-12711DWS |
| ANN LACHEEN, : | |
| Debtors. : | |
| JEROME LACHEEN and : | Adversary No. 04-0550 |
| ANN LACHEEN, : | |
| Plaintiffs, : | |
| vs. : | |
| INTERNAL REVENUE SERVICE, United : | |
| States of America, Department of the Treasury, : | |
| COMMONWEALTH OF PENNSYLVANIA : | |
| DEPARTMENT OF REVENUE, : | |
| Defendants. : | |

# ORDER

**AND NOW**, this 28th day of April 2005, upon consideration of the Motion of the debtors' Jerome and Ann Lacheen for Summary Judgment (the "Motion") in connection with their Complaint against, <u>inter alia</u>, the Internal Revenue Service in which they seek a determination as to the dischargeability of certain taxes, after notice and hearing, and for the reasons stated in the accompanying Memorandum Opinion;

It is hereby **ORDERED** that the Motion is **DENIED**.

DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

<u>Copies to</u>:                                                                  -2-

Joseph A. Diorio, Esquire
808 Bethlehem Pike - Rear
Erdenheim, PA  19038

Russell K. Stewart, Esquire
Internal Revenue Service
Mellon Independence Center
701 Market Street, Suite 2200
Philadelphia, PA 19106

Nicholas J. Lamberti, Esquire
PA Department of Revenue
Office of Chief Counsel
Dept. 281061
Harrisburg, PA  17128-1061

Dave P. Adams, Esquire
Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107