# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| JEROME H. LACHEEN and | : | Bankruptcy No. 04-12711DWS |
| ANN LACHEEN, | : | |
| | : | |
| Debtors. | : | |

| | | |
|---|---|---|
| | : | |
| JEROME LACHEEN and | : | Adversary No. 04-0550 |
| ANN LACHEEN, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| INTERNAL REVENUE SERVICE, United | : | |
| States of America, Department of the Treasury, | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| DEPARTMENT OF REVENUE, | : | |
| CITY OF PHILADELPHIA - DEPT. OF | : | |
| REVENUE, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

**BY: DIANE WEISS SIGMUND, Chief Bankruptcy Judge**

Before the Court is the Motion of the Internal Revenue Service (the "IRS") for Summary Judgment (the "Motion") and the Debtors' response thereto, and the Cross-Motion (the "Cross-Motion") of Debtor Ann Lacheen ("Ann"). For the reasons that follow, both motions shall be denied.

**UNDISPUTED FACTUAL AND PROCEDURAL BACKGROUND**

This is the second time the Court has addressed a summary judgment motion in this adversary proceeding, and much of the undisputed facts can be found in the earlier memorandum opinion. See Lacheen v. IRS (In re Lacheen), 2005 WL 1155257 (Bankr. E.D. Pa. April 28, 2005) (Lacheen I). To briefly recap, Debtors brought the instant Complaint to seek a determination as to the dischargeability of their federal tax liability.[1] In Lacheen I, the Court determined that the dischargeability of taxes for certain tax years was not being challenged but the dischargeability of federal tax obligations for the years 1995 and 1996 was in dispute. Debtors filed joint tax returns for those years indicating a tax liability of $82,279 and $36,608, respectively (the "1995-96 Taxes"), based on reported adjusted gross income for these years of $274,694 and $152,697, respectively. Exhibits 100-101 to Motion.

Debtors concede that they were required but did not make estimated tax payments during 1995 and 1996. Joint Pretrial Statement - Statement of Uncontested Facts ("Uncontested Facts") ¶¶ 5, 8, 9-10. Debtor Jerome Lacheen ("Jerome"), a self-employed attorney, states that his *modus operandi* was not to pay estimated taxes, but rather to pay what he could with his return. The IRS would subsequently bill him with penalties and interest, and Jerome would again try to pay what he could. Deposition Transcript of Jerome Lacheen ("Jerome Dep.") at 15-19.

---

[1] As discussed more fully below, while Debtors' Complaint also seeks a determination as to the dischargeability of tax liabilities to the Commonwealth of Pennsylvania (the "Commonwealth") and the City of Philadelphia (the "City"), they have failed to prosecute these claims. Infra Discussion § C.

Debtors also concede that in 1995 they spent improvidently: "95 was a good money year so we spent it. It was stupid, but we did it." Jerome Dep. at 65-66. Indeed, it appears that they spent funds that could have satisfied a bulk of their 1995 tax liability on what most would consider non-essentials: $50,000 for a swimming pool, $7,000 for window coverings, a new patio/deck that may have cost more than $10,000 and unspecified amounts on landscaping, a new fence, and a driveway. Uncontested Facts ¶ 4.[2] Moreover, while Jerome had no specific recollection of the 1995 expenditures, he testified that it was likely that they took a vacation, most likely to Vienna, where Debtors had friends. Jerome Dep. at 65-66. There is no evidence of similar excessive spending in the year 1996.

Upon this record, the IRS seeks a summary judgment determination that the 1995-96 Taxes are nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(C), i.e., because Debtors willfully attempted to evade payment of the 1995-96 Taxes.

**DISCUSSION**

A.

A motion for summary judgment is governed by Federal Rules of Civil Procedure ("Fed.R.Civ.P.") 56 applicable in this proceeding pursuant to Federal Rule of Bankruptcy 7056. Summary judgment, "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, and affidavits, if any, show that there is no

---

[2] The role that Ann played in handling Debtors' finances is unclear on this record. While Debtors' memorandum characterizes Jerome as the person in charge of household finances, a brief is not evidence. There are citations to Ann's depositions, but unfortunately Debtors' counsel failed to place those pages into the record.

-3-

genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The party moving for summary judgment must overcome the initial burden of demonstrating the absence of a material question of fact. Celotex v. Catrett, 477 U.S. 317, 325 (1986). The substantive law will determine which facts are material. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. Id. at 255. A court must find that the motion alleges facts which, if proven at trial, would require a directed verdict. 6 J. Moore, Moore's Federal Practice, ¶ 56.26 (2d ed. 1988). If so, the respondent "must set forth specific facts showing there is a genuine issue for trial," and may not "rest upon the mere allegations or denials of the pleading." Fed.R.Civ.P. 56(e). If the non-movant's evidence "is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 250. However, as it is the moving party's burden to demonstrate the absence of genuine issues of material fact, even if the opposing party fails to file contravening affidavits or other evidence that establishes a genuine issue of material fact, summary judgment must still be warranted and will be denied where the movant's own papers demonstrate the existence of material factual issues. Drexel v. Union Prescription Centers, Inc., 582 F.2d 781, 790 (3d Cir. 1978) (*citing* Adickes v. S.H.Kress & Co., 398 U.S. 144, 159-61 (1990) (citations omitted). See Maldonado v. Ramirez, 757 F.2d 48, 51 (3d Cir. 1985). The absence of a genuine issue for trial is evident where the record, taken as a whole, could not lead a rational trier of fact

to find for the non-moving party. Mashusita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

## B.

As has been often stated, exceptions to discharge are to be strictly construed in favor of the debtor. United States v. Fegley (In re Fegley), 118 F.3d 979, 983 (3d Cir. 1997). The burden of proof in a non-dischargeability action is borne by the creditor seeking to have its debt excepted from discharge, notwithstanding that it is Debtors who have brought this dischargeability proceeding. The IRS relies upon § 523(a)(1)(C), which provides that:

> (a) A discharge under section 727... of this title does not discharge an individual debtor from any debt–
>
> (1) for a tax or a customs duty–
>
> (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax;

The IRS does not contend that Debtors engaged in any fraud with respect to the 1995-1996 Taxes, but rather that the record facts taken as a whole evidence Debtors' willful attempt to evade their payment. The IRS must prove its assertion by a preponderance of the evidence. 118 F.3d at 983.

The Third Circuit Court of Appeals in Fegley takes a plain language approach to § 523(a)(1)(C), concluding that the provision includes both a conduct requirement (i.e., that the debtor sought in any manner to evade or defeat his tax liability) and a mental state requirement (i.e., that the debtor did so willfully). In Fegley, the evidence showed that the debtor had a duty to file income tax returns, knew he had that duty and voluntarily and

intentionally violated it. He also had the financial ability to pay the taxes. The foregoing was a sufficient basis to conclude that Fegley willfully attempted to evade or defeat his taxes.

Unlike the debtor in Fegley, Debtors did in fact file returns for 1995 and 1996. Mere nonpayment of the 1995-96 Taxes, without more, is insufficient under § 523(a)(1)(C). Id. The IRS thus points out the following facts to argue that the Fegley standard is met in this case: (1) Debtors' income for the years at issue was over $300,000; (2) Debtors' concede that they were aware of their duty to pay the 1995-96 Taxes; (3) Debtors made significant expenditures on non-essentials in 1995, such as the pool and house expenses and vacations. The IRS correctly notes that there is case law holding that a failure to pay taxes combined with a demonstrated preference for nonessential spending over satisfying tax obligations will meet both the conduct and mental state requirements of § 523(a)(1)(C). Simone v. United States (In re Simone), 2001 Bankr. LEXIS 1091, *14-15 (Bankr. E.D. Pa. Aug. 14, 2001); United States v. Angel (In re Angel), 1994 WL 69516, (Bankr. W.D. Okl. 1994).

On the record on summary judgment, I cannot conclude that the pattern of exorbitant spending apparent in Simone and Angel occurred during the entire tax period at issue in this case. While there is evidence of significant nonessential purchases, they appear limited to 1995. The IRS does not address why this conduct should justify holding the 1996 taxes to be nondischargeable.

Moreover, unlike the above-cited authority, which involved a single debtor/tax payer, the case before me involves two debtors who filed joint tax returns. The IRS seeks a

-6-

determination of nondischargeability as to the tax liability of <u>both</u> debtors/taxpayers. While both Debtors concede knowledge of their duty to pay the 1995-96 Taxes and awareness that they were not paying them, Uncontested Facts ¶¶ 5, 8, 9-10, I cannot find on this record that either or both Debtors were responsible for the nonessential purchases in 1995. The Cross-Motion argues that Jerome made all financial decisions and seeks summary judgment in Ann's favor, but neither the deposition testimony of Jerome nor Ann supports this assertion. Contrary to Debtors' memorandum, the fact upon which Ann relies for absolution is anything but established on this record. Moreover, since the IRS relies on the taxpayer's choice to make nonessential purchases to tip the scales in its favor, the identity of the decision maker(s) is a material unproven question of fact. For the foregoing reasons, the granting of summary judgment on the Motion and the Cross-Motion is unwarranted.

<u>C.</u>

Finally, the IRS has pointed to evidence indicating that Debtors possess stamps, antiques, and artwork, none of which was disclosed in their Schedule B. Motion ¶¶ 22-27. Notably there has been no complaint filed under § 727(a).[3] The IRS fails to identify how these nondisclosures are relevant to the instant complaint under § 523(a)(1)(c), and accordingly I find them to have no bearing upon the matters presently before me. I am not aware of whether the IRS brought this information to the Chapter 7 trustee for investigation which would be the appropriate step to take upon a discovery of this nature. Since I do not in any way make light of such charges, I suggest that the IRS do so forthwith.

---

[3] The deadline for such complaints expired June 1, 2004. Nor was there a request that the court order the trustee to investigate this lack of disclosure. <u>See</u> 11 U.S.C. § 727(c).

I also raise the following case management issue *sua sponte*. Notwithstanding that the Complaint also seeks a determination as to the dischargeability of Debtors' tax liabilities to the Commonwealth and the City, Debtors have failed to prosecute these claims. Summons were issued directing that any answer or responsive pleading be filed on or before September 30, 2004. The Commonwealth filed an Answer to the Complaint. The City has not. While Debtors have filed dispositive motions and a joint pretrial statement addressing the IRS claims, they have completely ignored the Commonwealth and the City in the course of this litigation. Debtors will take appropriate action *vis a vis* the non-responsive City and file an amended Joint Pretrial Statement which includes the Commonwealth or the Complaint will be dismissed as to the Commonwealth and the City (as the case may be) for lack of prosecution.

An Order consistent with the foregoing Memorandum Opinion shall be entered.

            DIANE WEISS SIGMUND
            Chief U.S. Bankruptcy Judge

Dated:   December 7, 2005

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| JEROME H. LACHEEN and | : | Bankruptcy No. 04-12711DWS |
| ANN LACHEEN, | : | |
| | : | |
| Debtors. | : | |

| | | |
|---|---|---|
| | : | |
| JEROME LACHEEN and | : | Adversary No. 04-0550 |
| ANN LACHEEN, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| INTERNAL REVENUE SERVICE, United | : | |
| States of America, Department of the Treasury, | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| DEPARTMENT OF REVENUE, | : | |
| CITY OF PHILADELPHIA - DEPT. OF | : | |
| REVENUE, | : | |
| | : | |
| Defendants. | : | |

# ORDER

**AND NOW**, this 7th day of December 2005, upon consideration of the Motion of Defendant the Internal Revenue Service (the "IRS") for Summary Judgment (the "Motion") and the response thereto of the Debtors and Cross-Motion of Debtor Ann Lacheen (the "Cross-Motion"), after notice and hearing, and for the reasons stated in the accompanying Memorandum Opinion;

It is hereby **ORDERED** that:

1. The Motion and the Cross-Motion are **DENIED**.

2. On or before **December 29, 2005, Plaintiffs** shall file (1) the appropriate motion under Bankr.R. 7055 as to Defendant City of Philadelphia, Dept. of Revenue and (2) an amended joint pretrial statement including Defendant Commonwealth of Pennsylvania, Dept. of Revenue. Upon the failure to file such motion and amended pretrial statement, this adversary proceeding will be dismissed as to the Commonwealth and the City, as the case may be, for lack of prosecution without further notice or opportunity for a hearing.

3. **Trial** of the above-captioned adversary proceeding shall be held on **FEBRUARY 17, 2006 at 9:30 A.M.** in Courtroom #3, Robert N.C. Nix, Sr. Courthouse, second floor, 900 Market Street, Philadelphia, PA 19107.

DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

Copies to:

Joseph A. Diorio, Esquire
808 Bethlehem Pike - Rear
Erdenheim, PA 19038

Jerome H. & Ann Lacheen
8460 Limekiln Pike, Apt. 213-1
Wyncote, PA 19095

Russell K. Stewart, Esquire
701 Market Street, Suite 2200
Philadelphia, PA 19106

Nicholas J. Lamberti, Esquire
PA Department of Revenue
Dept. 281061
Harrisburg, PA 17128-1061

Dave P. Adams, Esquire
Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

City of Philadelphia - Dept. of Revenue
P.O. Box 1630
Philadelphia, PA 19105-1630